IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DENNIS DANE BOTKIN,
        Plaintiff,

-vs-                                                        Case No. A-12-CA-590-SS

REDLINE RECOVERY SERVICES, LLC,
        Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Redline Recovery Services, LLC (RRS)'s Motion for Summary Judgment [#23], to which pro se Plaintiff Dennis Dane Botkin has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING summary judgment in favor of RRS.

### Background

This is a suit alleging violations of the Fair Credit Reporting Act and the Telephone Consumer Protection Act. In short, Botkin alleges RRS requested copies of his credit report without any permissible purpose, and further placed phone calls to Botkin's cellular telephone using an automated dialer.

Botkin's allegations in this case were always somewhat suspect. After filing this suit, RRS naturally sought discovery from Botkin, including copies of his credit reports. Botkin resisted the production of his credit reports, and RRS was forced to file a motion to compel. This Court granted the motion, explaining:



> RRS argues it had a permissible purpose in requesting Botkin's credit report because it was attempting to collect on a debt. Evidence of any such debt is thus likely to be revealed, or not revealed, by the credit reports themselves. The reports are relevant and plainly discoverable, and there is no justification for Botkin to withhold production.

Order of Jan. 30, 2013 [#19], at 1–2.

Botkin subsequently produced the credit reports. His credit reports from all three major reporting agencies—Equifax, Experian, and TransUnion—consistently show Botkin opened a credit card account with HSBC Bank in 1992, and eventually defaulted on the account. Mot. Summ. J. [#23-3], Ex. 3 (Sealed App. Pt. 2), at 8–9, 26–27, 39, 47, 62, 82–83. It was this delinquent account which HSBC forwarded to RRS for collection in 2010. *Id.* [#23-1], Ex. 1 (Paulo Aff.) ¶ 3; *id.* Ex. 1 (Powers Aff.) ¶¶ 2, 6. RRS's collection efforts form the basis of Botkin's claims in this case.

Although Botkin has not responded to the motion for summary judgment, he did respond to requests for admission propounded on him by RRS. *See* Mot. Summ. J. [#23-1], Ex. 1 (Sander Aff. Ex. A), at 9–10. RRS asked Botkin to admit or deny whether he applied for a credit card with HSBC Bank, and Botkin answered: "DENIED, to the extent Plaintiff does not recall." *Id.* Similarly, RRS asked Botkin to admit or deny whether he opened a credit card account with HSBC Bank, and Botkin answered: "DENIED, Plaintiff does not recall opening any alleged account . . . with HSBC Bank. The term 'opened' implies an application which would assumedly [sic] already be available to Defendant through its bussiness [sic] records if it existed." *Id.*

RRS now moves for summary judgment on Botkin's claims.

Analysis

## I. Motion for Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

First, the Court grants RRS's motion as unopposed. RRS filed its motion for summary judgment on March 29, 2013. The Local Rules provide: "A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Local Rule CV-7(e)(2). Far more than fourteen days have passed and Botkin has not responded in any manner, and the motion is therefore GRANTED as unopposed. Alternatively, the Court will briefly consider the merits of the motion.

### A. FCRA Claim

The FCRA prohibits a person from using or obtaining a credit report unless they have a permissible purpose. 15 U.S.C. § 1681b(f). Among the permissible purposes listed in the statute is the "collection of an account of . . . the consumer." *Id.* § 1681b(a)(3)(A); *see also Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 426 (5th Cir. 2012) (unpublished). RRS has submitted

competent evidence establishing it requested Botkin's credit report in order to collect on the HSBC credit card account. Mot. Summ. K. [#23-1], Ex. 1 (Paulo Aff.) ¶ 3.

Botkin's only apparent argument is he "does not recall" opening the HSBC credit card account. His answers to RRS's requests for production are plainly evasive, conditional denials, and probably fail to comply with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 36(a)(4). But even giving Botkin the utmost benefit of the doubt, he at most has established he does not remember opening the HSBC credit card account. RRS has provided competent evidence it was contacted by HSBC with the account information in order to collect on the debt. Moreover, *all* of Botkin's credit reports consistently reflect he opened the account in 1992, and later defaulted on a balance of around $900. Faced with this evidence, no reasonable juror could conclude RRS lacked a permissible purpose for requesting Botkin's credit report, and RRS is therefore entitled to judgment as a matter of law on Botkin's FCRA claim. *See Norman*, 495 F. App'x at 427 (affirming dismissal of FCRA claim where documents showed the defendant's "inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)").

B.   **TCPA Claim**

The TCPA makes it unlawful "for any person . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Botkin amended his complaint to add the TCPA claim based on discovery produced by RRS in this case which he believed reflected improper phone calls to his cellular phone. Mot. to Amend Compl. [#11], at 1. Construing Botkin's allegation as liberally as possible, Botkin presumably believes RRS's call logs are evidence of improper autodialer calls to his cellular phone.

To the contrary, RRS's call logs demonstrate all phone calls made by RRS to Botkin's cellular phone were dialed manually, not autodialed. RRS's systems are capable of identifying cellular telephone numbers, and numbers so flagged are not entered into the automatic dialing system. Mot. Summ. J. [#23-1], Ex. 1 (Paulo Aff.) ¶¶ 3–9. The call logs also automatically track phone calls made by RRS employees, and flag autodialer calls with a "d" next to the call log entry. *Id.* The call logs show multiple calls made to Botkin's cellular phone, but none of these calls are flagged with a "d" for autodialer. *Id.* There is no evidence in the record to contradict RRS's explanation of its own records.

Even if RRS had used an autodialer, the TCPA provides an exception for calls made "with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). The Federal Communications Commission has ruled providing a phone number to a creditor "constitutes prior express consent under § 227(b) to receive autodialer calls related to debt collection." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 748 (W.D. Tex. 2011) (citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 FCC Rcd. 559, 564 (2008)). RRS received Botkin's phone numbers directly from the creditor, HSBC, which raises a powerful inference Botkin himself provided the phone numbers to HSBC.[1]

Based on the record before the Court, no reasonable juror could conclude RRS made unlawful autodialer calls to Botkin's cellular phone, and RRS is therefore entitled to judgment as a matter of law on Botkin's TCPA claim.

---

[1] The only evidence to the contrary is Botkin's typically evasive response to RRS's relevant request for admission, in which Botkin states he cannot recall whether he provided HSBC with his phone numbers.

## Conclusion

Botkin has failed to respond to RRS's motion for summary judgment, and it is therefore granted as unopposed. Alternatively, RRS has provided competent evidence defeating all of Botkin's claims, and shown itself entitled to judgment as a matter of law.

Accordingly,

IT IS ORDERED that Defendant Redline Recovery Services, LLC (RRS)'s Motion for Summary Judgment [#23] is GRANTED. A separate judgment is entered simultaneously with this order.

SIGNED this the 13th day of May 2013.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE